[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14149

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GLENN EDWARD MCKENNIE, JR.,
a.k.a. Glenn Edward McKennie, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 0:21-cr-60275-WPD-1,
0:18-cr-60277-WJZ-1

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Glenn McKennie, Jr., appeals his sentence of 12 months and 1 day, imposed below the Guidelines range, after pleading guilty to failing to remain within his residence as required by the conditions of his confinement, in violation of 18 U.S.C. §§ 751(a) and 4082(a). He asserts the district court abused its discretion and imposed a substantively unreasonable sentence because it misapplied the 18 U.S.C. § 3553(a) factors regarding the nature and circumstances of his offense, his personal characteristics, and his criminal history.

We will vacate a district court's sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" as evidenced by a sentence "that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted). Section § 3553(a)'s "overarching" instruction is that any sentence must be sufficient but not greater than necessary to comply

with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); 18 U.S.C. § 3553. These purposes include the need to reflect the seriousness of the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed training or care. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the available sentences, the defendant's history and characteristics, the applicable Guidelines range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to any of the defendant's victims. *Id.* § 3553(a)(1), (3)-(7).

The district court did not abuse its discretion in sentencing McKennie to a below-Guidelines sentence of one year and one day of incarceration and one year of supervised release. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing a sentence's reasonableness for abuse of discretion). The district court did not fail to consider relevant factors that were due significant weight, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in considering the proper factors. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (explaining a district court abuses its discretion and imposes a substantively unreasonable sentence only if it (1) fails to consider relevant factors that were due significant weight, (2) gives significant

weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors).

First, the district court considered McKennie's mental health as a mitigating factor. Although McKennie contends he merited a more significant downward variance, that argument amounts to a disagreement with the district court's weighing of the § 3553(a) factors, which does not render a decision an abuse of discretion. *See id.* Second, regarding the circumstances of the offense, McKennie essentially asserts the facts of the offense should have been weighed more heavily. This, too, does not amount to an abuse of discretion. *See id.*

Finally, although McKennie contends the district court ignored his arguments that his criminal history category overrepresented his history, the district court acknowledged that argument and determined that, in assessing his criminal history, it should also consider his unscored offenses. Although McKennie asserts his unscored prior offenses should not be counted against him, the district court acted within its discretion in considering facts relevant to his "background, character, and conduct." *See United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (stating a district court may consider any information relevant to the defendant's "background, character, and conduct," including offenses that did not result in convictions). Thus, McKennie's issues with the district court's weighing of his criminal history also amount to complaints about the district court's weighing of acceptable factors, which is

21-14149                Opinion of the Court                5

not an abuse of discretion.  Accordingly, the district court did not abuse its discretion in sentencing McKennie, and we affirm.

**AFFIRMED.**